(No. 4202-

STUART J. ROBSON, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed July 7, 1950.*

GIFFIN, WINNING, LINDNER AND NEWKIRK, AND ROBERT F. HAILS, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

On February 15, 1948, the claimant, Stuart J. Robson, a highway maintenance supervisor, Department of Public Works and Buildings, was making a tour of his district to examine the condition of the highway, as the vicinity near Springfield had been subjected to freezing rains and snow, and he had instructed his men to clean the highway and spread cinders. Claimant began his duties on that date at approximately 7:30 A.M., and about 5:30 P.M., while completing the inspection tour, claimant was driving southwest on U. S. Route 54, at

a point about one mile east of the Village of Barclay, when he met an unidentified truck approaching from the southeast, which truck struck a patch of ice, and skidded into the opposing line of traffic. Claimant, in order to avoid a head-on collision, drove his car off of the pavement, then struck snow and ice, which caused him to lose control of the car, and he rolled down a 25 foot embankment, which bordered the highway at that point. Claimant was thrown from the car. His left tibia and fibula were fractured in three places, with a dislocation of the ankle joint. He was first attended by Dr. Fleischli at St. John's Hospital, Springfield, Illinois, and later, because of the seriousness of the injury, was removed to Barnes Hospital at St. Louis, Missouri, where he was attended by Doctors Key, Reynolds and Ford. He was discharged from the hospital on March 4, 1948.

At the time of the accident, the claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of claimant's employment.

Claimant's earnings for the year immediately preceding his injury were $2,651.22. At the time of the injury he had no children under sixteen years of age dependent upon him for support. Claimant's compensation rate is, therefore, $19.50 per week. Claimant was paid full salary, in accordance with the Division policy, for total temporary disability resulting from his injury from February 16 to February 22, 1948, and compensation at the rate of $19.50 a week from February 23 to June 7, 1948, inclusive. Payments for total temporary disability amounted to $350.81. Salary payment for 7 days was $55.52, and compensation for 15 weeks and 1 day was $295.29. There

was, therefore, an overpayment for the seven days of $36.02.

Dr. Keys and his associates made the following report on June 29, 1949:

"I wish to advise that Mr. Stuart Robson was again examined on the 25th of June. The patient still walks with a limp, although he is working. He states that there is some pain in the ankle and foot, and that the foot and ankle remain stiff."

"Examination shows the patient to have some enlargement of the ankle. There is dorsiflexion to about right angles and a little limitation of plantor flexion of the foot."

"It is my feeling that this case has now reached a permanent state, and as a result of the injury, which he has received, there is now a permanent partial impairment, which I should estimate to be in the neighborhood of 30-35 per cent of the leg below the knees."

Claimant is entitled to an award for 35 per cent partial loss of use of his left leg, making a total of 66½ weeks at $19.50 per week, or $1,296.75; from this should be deducted the overpayment of $36.02, leaving a balance of $1,260.73.

An award is, therefore, entered in favor of claimant, Stuart J. Robson, in the aggregate amount of $1,260.73, all of which has accrued and is payable forthwith.

The Division also paid doctor and hospital bills of claimant to the extent of $724.42.

Harry L. Livingstone was employed to report the testimony at the hearing before Commissioner Wise, and charged the sum of $49.20 for such services. These charges are fair, reasonable and customary. An award is entered in favor of Harry L. Livingstone in the amount of $49.20, which is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."